IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MASTER PRINTING GROUP, INC. | ) | CASE NO. 1:20-cv-02761-JDG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| DMT SOLUTIONS GLOBAL | ) | |
| CORPORATION, et al., | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

This case is before the Court upon consent of the parties, entered April 21, 2021. (Doc. No. 28.) Currently pending are Defendant Barnhardt Crane and Rigging, LLC's Motion for Judgment on the Pleadings as to Plaintiff's State-Law Claims, and Plaintiff Master Printing Group, Inc.'s Motion to Amend the Complaint. (Doc. No. 35, 38.) Both motions are unopposed.

For the following reasons, Plaintiff Master Printing Group, Inc.'s Motion to Amend the Complaint (Doc. No. 38) is GRANTED. Defendant Barnhardt Crane and Rigging, LLC's Motion for Judgment on the Pleadings (Doc. No. 35) is DISMISSED as MOOT.

## I. Procedural Background

On December 14, 2020, Plaintiff Master Printing Group, Inc. ("Plaintiff" or "Master Printing") filed a Complaint in this Court against Defendants DMT Solutions Global Corp.; Unishippers Global Logistics, LLC; Barnhart Crane and Rigging, LLC; Magna Trucking, LLC; and John Doe 1-5. (Doc. No. 1.) The Complaint alleged claims of Negligence, Conversion, Trespass to Chattels, and Carmack Amendment Liability against Defendant Barnhardt Crane and Rigging, LLC ("Defendant" or "Barnhardt").[1] (*Id.*)

Barnhardt filed an Answer on March 19, 2021. (Doc. No. 24.) On June 16, 2021, Barnhardt filed a Motion for Judgment on the Pleadings as to Plaintiff's State-Law Claims. (Doc. No. 35.) Plaintiff did not respond.

On July 23, 2021, Plaintiff filed a Motion to Amend the Complaint. (Doc. No. 38.) The Amended Complaint no longer raises any state-law claims against Barnhardt. None of the Defendants opposed Plaintiff's Motion to Amend.

## II. Standard of Review

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The liberal amendment policy embodied in Rule 15(a)(2), however, "is not without limits."

---

[1] Additional allegations were made against other Defendants, which are not relevant to Barnhardt's Motion.

*DeCrane v. Eckart*, No. 1:16CV2647, 2018 WL 916520 at *1 (N.D. Ohio Feb. 16, 2018). As the Sixth Circuit has observed, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Standing alone, delay "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. *See DeCrane*, 2018 WL 916520 at *2. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

### III. Analysis

**A.      Motion to Amend the Complaint**

Although Plaintiff filed its motion to amend after Barnhardt filed its motion for judgment on the pleadings, granting a motion for judgment on the pleadings before addressing a pending motion to amend can be an abuse of discretion. *See Kinney v. Anderson Lumber Co., Inc.*, No. 3:16-CV-78-TAV-HBG, 2018 WL 343908, at *2 (E.D. Tenn. Jan. 9, 2018), *aff'd*, No. 18-5146, 2018 WL 7317203 (6th Cir. Sept. 13, 2018); citing *Thompson v. Superior Fireplace Co.*, 931 F.2d 372,

374 (6th Cir. 1991). Therefore, the Court first considers Plaintiff's Motion to Amend, and will then turn to Barnhardt's Motion for Judgment on the Pleadings.

Here, Plaintiff seeks leave to amend his Complaint for the limited purpose of adding new defendants, "whose previously unknown involvement in the transactions and occurrences giving rise to [Plaintiff]'s claims invokes issues common to all Defendants." (Doc. No. 38 at 1.) The proposed amendment also "streamlines [Plaintiff]'s claims by removing some claims and specifically clarifying that others are pled in the alternative." (*Id.*) None of the Defendants opposed Plaintiff's motion.

There is no indication Plaintiff has acted in bad faith or for dilatory purposes, and Defendants have not argued they will be unduly prejudiced by allowing Plaintiff to amend. In this regard, the Court notes it is early in the litigation. Therefore, it does not appear that allowing amendment at this early stage in the proceedings would either require Defendants to expend significant additional resources, or significantly delay the resolution of the instant case. Indeed, Defendants have not argued such or otherwise opposed Plaintiff's motion.

The Court recognizes that Defendant Barnhardt filed a motion for Judgment on the Pleadings, which is also currently pending. Barnhardt does not argue, however, that it would be prejudiced by granting leave to amend in light of the pending Motion for Judgment on the Pleadings. Nor does Barnhardt argue (or direct this Court's attention to any authority suggesting) that leave to amend should be denied simply because Motion for Judgment on the Pleadings is pending. Indeed, other Courts in this Circuit have made clear that "there is no merit to defendants' argument that the motion to amend is premature because a motion for judgment on the pleadings is pending. Any motion pertaining to the original complaint would be subject to dismissal as moot once an amended

complaint is filed. *Wagner v. Mastiffs*, No. 09-CV-172, 2009 WL 2579431, at *3 (S.D. Ohio Aug. 17, 2009), citing *National City Mortgage Co. v. Navarro*, 220 F.R.D. 102 (D.D.C.2004); *Manasher v. NECC Telecom*, 2006 WL 3543639 (E.D. Mich. December 8, 2006).

Thus, for all the reasons set forth above and in the absence of any argument to the contrary, the Court will allow Plaintiff leave to amend his Complaint for the limited purpose of adding claims against the new Defendants identified in Plaintiff's Motion to Amend, and to revise and streamline his claims as set forth in the proposed Amended Complaint. (Doc. No. 38-1.) **Plaintiff is cautioned that he is authorized to amend for this limited purpose only, and may not plead any additional claims or parties other than that expressly set forth in his Motion for Leave to Amend**. **Plaintiff shall file his Amended Complaint by no later than noon on Thursday, August 12, 2021**.

**B.       Judgment on the Pleadings**

The proposed First Amended Complaint no longer asserts any state-law claims against Defendant Barnhardt.[2]  (Doc. No. 38-1.)  It is clear that "an amended complaint supercedes the original complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013), *citing Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 n.4, 129 S. Ct. 1109, 172 L.Ed.2d 836 (2009); *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (claims alleged in the initial complaint but not alleged in an amended complaint are not pleaded in the action, "because an amended complaint supercedes all prior complaints.") Therefore, this Court finds that, because the state law claims of against Barnhardt have been

---

[2]       The Court also notes that all remaining state-law claims against the other Defendants are pled in the alternative.

dropped, and because Barnhardt's Motion for Judgment on the Pleadings addressed only the claims that Plaintiff withdrew, the motion is DENIED as MOOT.

### IV. Conclusion

For all of the foregoing reasons, Plaintiff's Motion to Amend the Complaint (Doc. No. 38) is GRANTED.  Plaintiff shall file his Amended Complaint by no later than noon on Thursday, August 12, 2021.   Defendant's  Motion for Judgment on the Pleadings (Doc. No. 35) is DISMISSED as MOOT.

Date:  August 10, 2021

s/ *Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge